IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **KERMIT WEST**, ) | |
| ) | |
| Petitioner ) | |
| ) | |
| v. ) | Civ. Act. No. 05-438-JJF |
| ) | |
| **THOMAS L. CARROLL**, Warden, ) | |
| ) | |
| Respondent ) | |

### ANSWER

Pursuant to Rule 5 of the Rules Governing Section 2254 Actions, respondent submits the following in response to the petition for a writ of habeas corpus:

1. The grand jury indicted Kermit West in January 1962, charging him with two counts of first degree murder (Del. Code Ann. tit. 11, §571 (1958)), rape (Del. Code Ann. tit. 11, §781 (1953)), third degree burglary (Del. Code Ann. tit. 11, §394 (1953)), fourth degree burglary (Del. Code Ann. tit. 11, §395(2) (1953)), and robbery (Del. Code Ann. tit. 11, §811 (1953)). On September 14, 1962, West pled guilty to two counts of first degree murder, and he was sentenced to two concurrent life terms; the remaining charges were *nol prossed* by the prosecution. The Superior Court docket shows no appeal by West or any post-conviction litigation.

2. In his petition for federal habeas corpus, West presents only one claim. According to West, he signed a plea agreement that set his sentence at two concurrent terms of 30 years each, not two concurrent life terms. DI 2 at 6. West, however, has not presented this claim to the state supreme court. A state prisoner seeking federal habeas relief must exhaust remedies available in the state courts. 28 U.S.C. §2254(b); *Castille*

*v. Peoples*, 489 U.S. 346, 351 (1989); *Rose v. Lundy*, 455 U.S. 509, 515 (1982). In order to demonstrate that a claim has been exhausted in the Delaware state courts, the prisoner "must show that he presented each claim to the Delaware Supreme Court." *Stevens v. Delaware Corr'l Center*, 295 F.3d 361, 369 (3d Cir. 2002). Ordinarily, a failure to exhaust a claim results in dismissal of the habeas petition, *Rose v. Lundy*, *supra*, or a stay of the federal habeas proceedings to allow the prisoner to exhaust state court remedies (*Crews v. Horn*, 360 F.3d 146, 154-55 (3d Cir. 2004)). If, however, there is no available state remedy, West is excused from the exhaustion requirement. *See Teague v. Lane*, 489 U.S. 288, 298 (1989); *Castille*, 489 U.S. at 351-52. Any attempt by West to now pursue state post-conviction relief would be futile: the state courts would hold the issue to be barred by Superior Court Criminal Rule 61(i)(1) which sets a three year limitation period on the filing of state post-conviction actions. *See Steckel v. State*, 882 A.2d 168 (Del. 2005); *Younger v. State*, 580 A.2d 552, 554-55 (Del. 1990).[1] As a result, West is excused from the exhaustion requirement. *E.g., Boyd v. Garraghty*, 202 F.Supp.2d 322, 330-31 (D. Del. 2002); *DeShields v. Snyder*, 829 F.Supp. 676, 681-82 (D. Del. 1993).

   3. In turn, federal habeas review of the claim is barred unless West shows cause for failing to have advanced the claims earlier and actual prejudice stemming from the alleged error. *E.g., McLaughlin v. Carroll*, 270 F.Supp.2d 490, 501 (D. Del. 2003). West says nothing in his papers about his failure to have presented his claim to the state courts within the time required by Criminal Rule 61(i)(1). As a result, he has not

---

[1] Because West's convictions predate the 1987 adoption of Superior Court Criminal Rule 61, he had until January 1, 1989 in which to move for state post-conviction relief without running afoul of the terms of Rule 61(i)(1). *See Boyer v. State*, 562 A.2d 1186, 1187-88 (Del. 1989).

established cause for the default, and that alone is sufficient to warrant dismissal. *See, e.g., McLaughlin*, 270 F.Supp.2d at 501.

    4. Even if West somehow surmounts the effect of his procedural default, the petition still fails because it is untimely under 28 U.S.C. §2244(d). By the terms of section 2244(d)(1), a federal habeas petitioner must file the petition within one year of the date on which the state court judgment became final upon the completion of direct review. 28 U.S.C. §2244(d)(1)(A). West's convictions became final well before April 24, 1996, the date on which section 2244(d) was amended: when West entered his guilty pleas and was sentenced, he had sixty days in which to appeal to the state supreme court. *See* Del. Code Ann. tit. 10, §147, revisor's note (1975). Because West did not appeal, his convictions became final upon the expiration of the appeal period, i.e., in November 1962. *E.g., Woods v. Kearney*, 215 F.Supp.2d 458, 460 (D. Del. 2002) (citing cases). In turn, because his convictions became final before April 24, 1996, West thus had until April 23, 1997 in which to file his federal habeas petition without running afoul of section 2244(d).[2] *E.g., United States v. Duffus*, 174 F.3d 333, 335 (3d Cir. 1999); *Burns v. Morton*, 134 F.3d 109, 111 (3d Cir. 1998); *Woods*, 215 F.Supp.2d at 460. The certificate of service attached to West's petition is dated June 23, 2005 (DI 2); the June 23 date is the presumptive date of mailing and, thus, of filing. *E.g., Woods*, 215 F.Supp.2d at 460. West's petition, being filed on June 23, 2005, is obviously filed past the April 1997 deadline. The petition is accordingly untimely and must be dismissed

---

[2] There is no basis for West to suggest that the limitations period runs from one of the other starting points listed in section 2244(d)(1). Indeed, West's July 1996 letter to Superior Court indicates that he inquired about the length of his sentence in much the same terms as he uses in the instant petition.

unless West can establish that the limitation period of section 2244(d) should be either statuorily or equitably tolled. *See Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999).

     5. Under section 2244(d)(2), the limitations period is to be tolled while "a properly filed application" for state post-conviction relief is pending. Having filed no state post-conviction motion, West can not avail himself of the provisions of section 2244(d)(2). And there is surely no basis for the application of the equitable tolling doctrine in this case. "In order to trigger equitable tolling, the petitioner must demonstrate that he 'exercised reasonable diligence in investigating and bringing [the] claims'. . . ." *Elam v. Carroll*, 386 F.Supp.2d 594, 599 (D. Del. 2005) (quoting *Miller v. New Jersey State Dept. of Corrections*, 145 F.3d 616, 618-19 (3d Cir. 1998)). The Superior Court docket shows that West has hardly acted with alacrity in the matter: the Resident Superior Court judge in Sussex County wrote to West in February 1990, telling West that his sentence was life imprisonment and that he would remain incarcerated until and unless paroled. The docket shows another exchange of letters in the summer of 1996. In turn, the instant action is the only federal habeas action that West has ever filed (at least as far as prosecutors can determine). Against this backdrop, there is no basis to conclude that West has exercised reasonable diligence, and that shortcoming in West's case is enough to foreclose any application of the equitable tolling doctrine. *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005).

     6. Finally, West is simply not entitled to relief on the merits. His supposition is that he pled to two counts of second degree murder and he was sentenced to two concurrent 30 year prison terms. DI 2; DI 19 at ¶¶ 2-3. The Superior Court records show conclusively otherwise: West pled guilty to two counts of first degree murder, and he was sentenced to two concurrent life terms. West's statement that he had a plea

agreement, reducing the charges to which he pled guilty from first degree murder to second degree and providing for 30 years imprisonment, is no more than his uncorroborated allegation, unsupported by any detail. His "long, strange delay in [advancing the claim] cannot be ignored. It, of itself, has substantial impact on [his] credibility as a witness and affects the quantum of proof necessary to establish the factual prerequisite for habeas corpus relief." *United States ex rel. Darrah v. Brierley*, 415 F.2d 9, 12 (3d Cir. 1969). *Accord United States ex rel. Schultz v. Twomey*, 404 F.Supp. 1300, 1303-04 (N.D. Ill. 1975). This Court is not required to accept West's allegations, even if uncontradicted.[3] *E.g., Burston v. Caldwell*, 506 F.2d 24, 26 (5th Cir. 1975); *Faught v. Cowan*, 507 F.2d 273, 275 (6th Cir. 1974); *Goins v. Brierley*, 464 F.2d 947, 948 n.2 (3d Cir. 1972) (citing *Hawk v. Olson*, 326 U.S. 271, 279 (1945)); *Stewart v. Smyth*, 288 F.2d 362, 363 (4th Cir. 1961) ("[Petitioner] cannot merely allege that he is illegally detained and, without more, require his custodian to prove the legality of his confinement."); *Maggard v. Singletary*, 23 F.Supp.2d 1367, 1369 (M.D. Fla. 1998) ("the credibility of any habeas petitioner must be measured against his (or her) desire to relieve himself (or herself) from the conviction."). Instead, West must establish, by a preponderance of the evidence, that there was in fact a plea agreement and that his sentence violated the agreement. *See, e.g., Faught*, 507 F.2d at 275; *Goins*, 464 F.2d at 949 (citing cases). Given the extraordinary lapse of time before West has made his allegation, this Court, consistent with *Darrah*, can -- and should -- decide that West has not met his burden of proof.

---

[3] The Superior Court judge is dead (42 Del. Rptr. xxxvii), as are both of the attorneys who represented West. *See* 60 Del. Rptr. lxv (Hon. John J. McNeilly). The prosecutor, according to the Clerk of the state supreme court, retired from the practice of law in October 1994, moving to Canada.

   7. Respondent is unable to ascertain from the Superior Court docket whether the proceedings at West's plea hearing and sentencing were recorded; the docket does not show that any transcript has ever been prepared. In light of the age of the case, respondent cannot predict with any certainty when any transcript could be produced.

   8. The petition should be dismissed without further proceedings.

/s/ **LOREN C. MEYERS**
Loren C. Meyers
Chief of Appeals Division
Del. Bar ID 2210
loren.meyers@state.de.us


/s/ **GREGORY E. SMITH**
Gregory E. Smith
Deputy Attorney General
Del. Bar ID 3869
greg.smith@state.de.us

Department of Justice
820 N. French Street
Wilmington, DE  19801
(302) 577-8500

December 13, 2005

# CERTIFICATE OF SERVICE

The undersigned, being a member of the Bar of the United States District Court for the District of Delaware, hereby certifies that on December 13, 2005,

1. He caused two copies of the attached document (Answer) to be deposited in the United States Mail, first class postage prepaid, addressed to the following non-registered participant:

Kermit West
No. 043066
Delaware Correctional Center
1181 Paddock Rd.
Smyrna, DE  19977

2. He electronically filed the Answer with the Clerk of the District Court using CM/ECF.

/s/ **GREGORY E. SMITH**
Gregory E. Smith
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE  19801
(302) 577-8500
Del. Bar ID 3869
greg.smith@state.de.us