IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

KERMIT WEST,                    :
                                :
        Petitioner,             :
                                :
v.                              :        Civil Action No. 05-438-JJF
                                :
THOMAS L. CARROLL,              :
Warden,                         :
and CARL C. DANBERG,            :
Attorney General               :
of the State of                 :
Delaware,                       :
                                :
        Respondents.            :

_____

Kermit West.  Pro Se Petitioner.

Gregory E. Smith, Deputy Attorney General, Delaware Department of
Justice, Wilmington, Delaware.  Counsel for Respondents.

_____


**MEMORANDUM OPINION**


July 19, 2006
Wilmington, Delaware

**Farnan, District Judge.**

Pending before the Court is an Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 ("Petition") filed by Petitioner Kermit West ("Petitioner"). (D.I. 2.) For the reasons discussed, the Court concludes that the Petition is time-barred by the one-year period of limitations prescribed in 28 U.S.C. § 2244(d)(1) and also procedurally barred due to Petitioner's procedural default at the state court level.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

In January 1962, Petitioner was indicted on two counts of first degree murder, rape, third degree burglary, fourth degree burglary, and robbery. On September 14, 1962, Petitioner pled guilty to two counts of first degree murder, and the State *nolle prossed* the remaining charges. The Superior Court sentenced Petitioner to two concurrent life terms. Petitioner did not file a direct appeal.

In June 2005, Petitioner filed a habeas petition pursuant to 28 U.S.C. § 2254 asserting one claim for relief: that he signed a plea agreement which promised him a sentence of two concurrent terms of 30 years each, not two concurrent terms of life imprisonment. (D.I. 2.)

The State asks the Court to dismiss the petition as time-barred. The State also contends that Petitioner procedurally defaulted the claim, and therefore, federal habeas review is

1

procedurally barred.  (D.I. 23.)

## II.  DISCUSSION

### A.  The Petition Is Time-Barred

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996, and habeas petitions filed in federal courts after this date must comply with the AEDPA's requirements.  See generally Lindh v. Murphy, 521 U.S. 320, 336 (1997).  The AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner's § 2254 Petition, dated June 23, 2005, is subject to the one-year limitations period contained in § 2244(d)(1).  See Lindh, 521 U.S. at 336.  However, because Petitioner's conviction became final in 1962, prior to the

AEDPA's enactment, the limitations period did not begin to run
until April 24, 1996.  See Burns v. Morton, 134 F.3d 109, 111 (3d
Cir. 1998)(allowing one-year grace period to petitioner's whose
convictions became final prior to the enactment of the AEDPA).
Applying the one-year limitations period from that date,
Petitioner was required to file his Petition by April 24, 1997.
See Wilson v. Beard, 426 F.3d 653, 662-63 (3d Cir. 2005)(holding
that Federal Rule of Civil Procedure Rule 6(a) applies to the
calculation of the AEDPA's one-year limitations period).

Petitioner did not file the instant Petition until June 23,
2005.[1]  Consequently, the Petition is time-barred, unless the
limitations period can be extended through the application of
statutory or equitable tolling.  Jones v. Morton, 195 F.3d 153,
158 (3d Cir. 1999).

Pursuant to 28 U.S.C. § 2244(d)(2), the statute of
limitations may be tolled during the pendency of a properly filed
application for State post-conviction or other collateral review.

---

[1]A pro se prisoner's habeas petition is deemed filed on the
date he delivers it to prison officials for mailing to the
district court.  See Longenette v. Krusing, 322 F.3d 758, 761 (3d
Cir. 2003)(the date on which a prisoner transmitted documents to
prison authorities is to be considered the actual filing date);
Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998).  The Court
adopts the date on the Petition, April 7, 2005, as the filing
date, because presumably, Petitioner could not have presented the
Petition to prison officials for mailing any earlier than that
date.  See Woods v. Kearney, 215 F. Supp. 2d 458, 460 (D. Del.
2002);  Gholdson v. Snyder, 2001 WL 657722, at *3 (D. Del. May 9,
2001).

In this case, statutory tolling is not implicated because Petitioner did not file any post-conviction motions in the state courts.[2]

The AEDPA's limitations period may also be tolled for equitable reasons if the petitioner's case is "the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice." Jones, 195 F.3d at 159. In order to trigger equitable tolling, the petitioner must demonstrate that he "exercised reasonable diligence in investigating and bringing [the] claims" and that he was prevented from asserting his rights in some extraordinary way. Mere excusable neglect is insufficient. Miller v. New Jersey State Dept. of Corrs., 145 F.3d 616, 618-19 (3d Cir. 1998); Schlueter v. Varner, 384 F.3d 69, 77 (3d Cir. 2004).

Reviewing the record in this case, the Court concludes that

---

[2]The record reveals that Petitioner filed two letters in the Superior Court requesting information about his sentences. (D.I. 26.) The first letter, filed and answered in 1990, asked the state court when his prison term would end and when he would be eligible for parole. The second letter, dated July 16, 1996 and answered on August 16, 1996, asserted that the total length of his two sentences was 30 years, and therefore, he was incarcerated 6 years past the expiration of his prison term. Neither of these letters constitute a "properly filed application" for state post-conviction relief. Moreover, even if the letters could be construed as applications for post-conviction relief under § 2244(d)(2), they do not render the Petition timely. First, the 1990 letter was filed well-before the AEDPA's limitations period even began to run. Second, the 1996 letter was answered on August 16, 1996, and thus, if it triggers statutory tolling, it only extended the limitations period through August 16, 1997.

equitable tolling is not warranted.  Petitioner has not
demonstrated any extraordinary circumstance that prevented him
from timely filing his habeas application, and he also did not
diligently pursue his claim.  To the extent Petitioner made a
mistake or miscalculation regarding the one-year filing period,
such mistakes do not warrant equitably tolling the limitations
period.  See Simpson v. Snyder, 2002 WL 1000094, at *3 (D. Del.
May 14, 2002).  Accordingly, the Court will dismiss the Petition
as time-barred.

**B. The Petition Is Procedurally Barred**

In the alternative, the Court also concludes that federal
habeas review of the Petition is procedurally barred.  A federal
court cannot review a habeas petition on the merits unless the
petitioner has exhausted his remedies under state law.  28 U.S.C.
§ 2254(b);  O'Sullivan v. Boerckel, 526 U.S. 838, 842-44 (1999);
Picard v. Connor, 404 U.S. 270, 275 (1971).  A petitioner
satisfies the exhaustion requirement by presenting his claim to
the state's highest court, either on direct appeal or in a post-
conviction proceeding.  O'Sullivan v. Boerckel, 526 U.S. 838,
844-45 (1999);  See Lambert v. Blackwell, 134 F.3d 506, 513 (3d
Cir. 1997).

If a petitioner presents unexhausted habeas claims to a
federal court, but further state court review is procedurally
barred, the federal court will excuse the failure to exhaust and

5

treat the claims as exhausted.  Lines v. Larkins, 208 F.3d 153, 160 (3d Cir. 2000);  Wenger v. Frank, 266 F.3d 218, 223 (3d Cir. 2001);  see Teague v. Lane, 489 U.S. 288, 297-98 (1989). Although deemed exhausted, such claims are considered procedurally defaulted.  Coleman v. Thompson, 501 U.S. 722, 749 (1991);  Lines, 208 F.3d at 160.  A federal habeas court cannot review the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claims.  McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999);  Coleman, 501 U.S. at 750-51.;  Caswell v. Ryan, 953 F.2d 853, 861-62 (3d Cir. 1992).

In this case, Petitioner's claim is procedurally defaulted because he did not exhaust state remedies and further state court review of his claim would be time-barred under Delaware Superior Court Criminal Rule 61(i)(1).  See e.g. Steckel v. State, 882 A.2d 168 (Del. 2005).  Petitioner has not demonstrated cause for his default because he has not shown that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule."  Murray v. Carrier, 477 U.S. 478, 488 (1986).  In the absence of cause, the Court need not address prejudice.  Additionally, Petitioner has not presented a colorable claim of actual innocence, and therefore, he has not

6

demonstrated that review of the claim is necessary to prevent a miscarriage of justice.  Edwards v. Carpenter, 529 U.S. 446, 451 (2000);  Murray v. Carrier, 477 U.S. 478, 496 (1986);  Wenger v. Frank, 266 F.3d 218, 224 (3d Cir. 2001).  Accordingly, the Court will also dismiss the Petition as procedurally barred.

### C.  Pending Motions

Petitioner filed the following three motions during the pendency of his Petition: (1) a Motion for Discovery (D.I. 14.); (2) a Motion to Submit Evidence (D.I. 16.); and (3) a Motion for Immediate Release. (D.I. 19.)  Because the Petition will be dismissed as time-barred and procedurally barred, the Court will deny Petitioner's pending motions as moot.

## III.  CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability.  See Third Circuit Local Appellate Rule 22.2.  A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  28 U.S.C. § 2253(c)(2);  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to

issue a certificate of appealability, unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. Id.

The Court has concluded that Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 is both time-barred and procedurally barred. The Court is persuaded that reasonable jurists would not find this conclusion to be debatable, and therefore, the Court declines to issue a certificate of appealability.

## IV.  CONCLUSION

For the reasons discussed, Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 will be denied. (D.I. 2; D.I. 3.)

An appropriate Order will be entered.